```
McGREGOR W. SCOTT
United States Attorney
BENJAMIN B. WAGNER
CAMIL A SKIPPER
Assistant U.S. Attorneys
501 "I" Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2745
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>             ) <br>        Plaintiff,     ) <br>             ) <br>   v.        ) <br>             ) <br> SARET NOSAR,       ) <br> SOMACHY KEO,       ) <br> KANARY KHIN,       ) <br> SEAN ENG, and      ) <br> PANG YEAN,        ) <br>             ) <br>        Defendants.    ) <br> _____) | 2:08-CR-00512-JAM <br><br> APPLICATION FOR ORDER <br> REGARDING CRIMINAL FORFEITURE <br> OF PROPERTY IN GOVERNMENT <br> CUSTODY - 18 U.S.C. § <br> 983(a)(3)(B)(ii)(II) |

The United States of America, through its counsel, hereby moves for an order allowing the government to maintain custody of property already in the government's possession pending the resolution of a criminal forfeiture matter. The grounds for the motion are as follows:

On or about October 8, 2008, during the execution of federal search warrants federal agents seized the following:

   a. Approximately $33,952 in U.S. currency seized at the residence controlled by Saret Nosar at 911 New Depot Street, #12, Los Angeles, California;

///

  b. Approximately $100,000 seized in the form of cashiers check number 111778 of the 1st International Bank at the residence controlled by Saret Nosar at 911 New Depot Street, #12, Los Angeles, California;

  c. Approximately $3,000 seized in the form of cashiers check number 111777 of the 1st International Bank at the residence controlled by Saret Nosar at 911 New Depot Street, #12, Los Angeles, California[1];

  d. A large diamond ring; a gold ring with diamonds and a blue sapphire; and a Rolex watch with diamonds; all seized at the residence controlled by Saret Nosar at 911 New Depot Street, #12, Los Angeles, California;

  e. Approximately $10,000 in U.S. currency seized at Kanary Khin's and Sean Eang's residence at 3834 Brayton Avenue, Long Beach, California;

  f. Approximately $2,279.49 in U.S. currency seized on Pang Yean's person in Modesto, California;

  g. Approximately $5,900 in U.S. currency seized from Pang Yean's vehicle, a 1998 Brown Honda Accord, License #5DMF865, in Modesto, California;

  h. Approximately $10,237 in U.S. currency seized at the residence of Pang Yean at 2040 Minoso Drive, Modesto, California;

  i. Nine gold bars, with an approximate weight of 1.2 ounces each, and three pieces of gold jewelry, seized at the residence of Pang Yean at 2040 Minoso Drive, Modesto, California; and

  j. Gold bracelets and a gold necklace, seized at the residence of Pang Yean at 2040 Minoso Drive, Modesto, California.

Hereinafter, the above-referenced assets are collectively referred to as the "seized assets".

  In accordance with 18 U.S.C. § 983(a)(1), the Federal Bureau

---

[1] On October 9, 2008, the government obtained seizure warrants for the original cashiers checks made payable to Gul S. Nosar that were seized from the residence he controlled. The seizure warrants authorized the government to seize and negotiate the cashiers checks. The seizure warrants were executed and the above-listed cashiers checks (b and c) were delivered to the U.S. Marshals Service.

of Investigation ("FBI") is currently sending notice to all potential claimants of its intent to forfeit the seized assets in a non-judicial forfeiture proceeding, and is causing notice to be published in a newspaper of general circulation.

Pursuant to 18 U.S.C. § 983(a)(3), the United States has 90 days in which to 1) return the property to the defendant, 2) commence a civil judicial forfeiture action, or 3) commence a criminal forfeiture action by including the seized assets in a criminal indictment.  On October 30, 2008, the government elected the third option when it filed an Indictment containing a forfeiture allegation concerning the seized assets.  That Indictment is now pending in this Court.

Title 18 U.S.C. § 983(a)(3)(B)(ii)(II) provides that when the government elects the third option, it must "take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute".  The applicable forfeiture statutes in this case are 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 1955(d), and 28 U.S.C. § 2461(c).  Title 28 U.S.C. § 2461(c) incorporates the forfeiture procedures set forth in 21 U.S.C. § 853.  That statute prescribes several methods for preserving property for the purpose of criminal forfeiture.

Section 853(f) authorizes the issuance of a criminal seizure warrant.  However, in cases like this one, where the property in question is already in government custody, it is not appropriate for a court to issue a seizure warrant directing the government to seize property from itself.  In turn, Section 853(e) authorizes the court to issue a restraining order or an

injunction to preserve the property for forfeiture. However, that provision is not pertinent because there is no need to enjoin the government from disposing of property that the government has taken into its custody for the purpose of forfeiture, and that the government intends to preserve for that purpose through the conclusion of the pending criminal case.

Finally, Section 853(e)(1) also authorizes a court to "take any other action to preserve the availability of property" subject to forfeiture. The government contends that this provision applies in circumstances where, as here, the government has already obtained lawful custody of the seized assets pursuant to federal search and seizure warrants, and the government seeks to comply with Section 983(a)(3)(B)(ii)(II). Thus, all that is required to comply with Section 983(a)(3)(B)(ii)(II) is an order from this Court stating that the United States and its agencies, including FBI and/or the United States Marshals Service, may continue to maintain custody of the seized assets until the criminal case is concluded.

Accordingly, pursuant to Section 853(e)(1), the United States respectfully moves this court to issue an order directing that the United States may maintain custody of the seized assets through the conclusion of the pending criminal case, and stating that such order satisfies the requirements of 18 U.S.C. § 983(a)(3)(B)(ii)(II).

DATED: December 17, 2008         McGREGOR W. SCOTT
                                 United States Attorney

                                 /S/ Benjamin Wagner
                                 _____
                                 BENJAMIN B. WAGNER
                                 Assistant U.S. Attorney

4

**ORDER**

This matter comes before the Court on the motion of the United States for an Order authorizing the government and its agencies to maintain custody of certain property pending the conclusion of the pending criminal case. For the reasons provided in the government's motion, the Court makes the following orders:

IT IS HEREBY ORDERED, that the United States and its agencies, including the FBI and/or the U.S. Marshals Service, are authorized to maintain and preserve the following assets until the conclusion of the instant criminal case, or pending further Order of this Court:

    a. Approximately $33,952 in U.S. currency seized at the residence controlled by Saret Nosar at 911 New Depot Street, #12, Los Angeles, California;

    b. Approximately $100,000 seized in the form of cashiers check number 111778 of the 1st International Bank at the residence controlled by Saret Nosar at 911 New Depot Street, #12, Los Angeles, California;

    c. Approximately $3,000 seized in the form of cashiers check number 111777 of the 1st International Bank at the residence controlled by Saret Nosar at 911 New Depot Street, #12, Los Angeles, California;

    d. A large diamond ring; a gold ring with diamonds and a blue sapphire; and a Rolex watch with diamonds; all seized at the residence controlled by Saret Nosar at 911 New Depot Street, #12, Los Angeles, California;

    e. Approximately $10,000 in U.S. currency seized at Kanary Khin's and Sean Eang's residence at 3834 Brayton Avenue, Long Beach, California;

    f. Approximately $2,279.49 in U.S. currency seized on Pang Yean's person in Modesto, California;

    g. Approximately $5,900 in U.S. currency seized from Pang Yean's vehicle, a 1998 Brown Honda Accord, License #5DMF865, in Modesto, California;

    h. Approximately $10,237 in U.S. currency seized at

the residence of Pang Yean at 2040 Minoso Drive, Modesto, California;

i.  Nine gold bars, with an approximate weight of 1.2 ounces each, and three pieces of gold jewelry, seized at the residence of Pang Yean at 2040 Minoso Drive, Modesto, California; and

j.  Gold bracelets and a gold necklace, seized at the residence of Pang Yean at 2040 Minoso Drive, Modesto, California.

IT IS SO ORDERED.

DATED: December 18, 2008          /s/ John A. Mendez
                                  JOHN A. MENDEZ
                                  United States District Judge